```
                 IN THE UNITED STATES DISTRICT COURT
                FOR THE NORTHERN DISTRICT OF ALABAMA
                            MIDDLE DIVISION

FLORENCE FOSTER,              )
                              )
      Plaintiff,              )
                              )
v.                            )   CV-97-AR-3318-M
                              )
RENFRO CORPORATION,           )
                              )
      Defendant.              )
```

FILED
98 DEC 28 PM 3:06
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
DEC 28 1998

## MEMORANDUM OPINION

The court currently has before it a motion filed on December 21, 1998 by defendant, Renfro Corporation ("Renfro"), which seeks "to strike plaintiff's claim for back pay and front pay." Because Renfro has relied upon deposition evidence currently in the record, and because Renfro has argued that plaintiff, Florence Foster ("Foster"), may not, as a matter of law, recover either back pay or front pay, the court has, in essence, considered this motion as a motion for partial summary judgment. For the reasons set out below, the court determines that the motion is due to be denied.

Renfro argues that Foster has failed to mitigate her damages because "she made hardly any effort to seek employment following her discharge from Renfro." *Pl.'s Motion to Strike*, at 7. Renfro states "It follows that when a plaintiff fails to fulfill her duty to mitigate damages, backpay liability is <u>eliminated</u>."



*Id.* (emphasis added). The court finds this a *non sequitur*. Even assuming *arguendo* that Foster failed to take all reasonable steps to minimize or mitigate damages, the applicable standards under Title VII would not necessarily *eliminate* her recovery. Instead, as Renfro argues, "an injured party cannot recover for damages she might have prevented by reasonable efforts." Thus, if Foster made some effort to mitigate, but not every effort required by a standard of reasonableness, she would be precluded from recovery for those damages which her additional efforts would have prevented. Furthermore, even if all reasonable efforts at mitigation had been made, but only some portion of Foster's alleged damages were thereby prevented, she would be precluded from recovery for that portion, but not precluded from recovery altogether.

Foster apparently did make some effort to mitigate her damages. She filled out an application at a local unemployment office, but later rejected a job opportunity which that office provided because it required her to work an overnight shift. Renfro cites <u>Weaver v. Casa Gallardo, Inc.</u>, 922 F.2d 1515, 1529 (11th Cir. 1991), for the proposition that Foster had a duty to mitigate her damages by seeking "substantially equivalent" employment. The job rejected by Foster differs from her previous employment principally because it would have required her to work at night. Renfro insists that this difference is inconsequential

and that the rejected job would have been "substantially equivalent" to Foster's job at Renfro's plant. For her part, Foster complains that her vision is poor at night, that she is therefore unwilling to drive a car after dark, and that she should not have been expected to accept the job in question simply to mitigate her damages. *Pl.'s Depo., cited in Def.'s Motion to Strike, at 2-3*. Other than the unemployment application, Foster also admits that she made virtually no additional efforts to mitigate her damages. *Id*.

Whether Foster's admittedly *meager* efforts constituted "reasonable efforts" to mitigate her damages is a question of fact for a jury to determine. Furthermore, whether she made every reasonable effort or not, questions of fact remain as to what portion of her alleged damages *might have been* mitigated by reasonable efforts, as well as what portion thereof *actually were* mitigated by the efforts she made.

The same reasoning, which thus far applied to back pay only, applies to issues of front pay. Defendant directs the court's attention to <u>Reneau v. Wayne Griffin & Sons, Inc.</u>, 945 F.2d 869 (5th Cir. 1991), a case which is not binding on this court, for the proposition that "[f]ront pay may be denied <u>or reduced</u> when the employee fails to mitigate damages by seeking other employment" (emphasis added). While it is true that Foster may have prevented all or some portion of her alleged damages by

reasonable efforts at mitigation, questions of fact remain as to whether she made such reasonable efforts and whether any of her alleged damages might have been prevented, or actually were prevented, by those efforts.

For the foregoing reasons, the court finds that genuine issues of material fact remain in dispute such that defendant's motion to strike, deemed by this court a motion for partial summary judgment, is due to be denied. A separate and appropriate order will be entered.

DONE this 28th day of December, 1998.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE