```
                IN THE UNITED STATES DISTRICT COURT
               FOR THE NORTHERN DISTRICT OF ALABAMA
                         MIDDLE DIVISION
```

FLORENCE FOSTER,

    Plaintiff,

v.

    CIVIL ACTION NO.

    97-AR-3318-M

RENFRO CORPORATION,

    Defendant.

FILED
99 APR 15 PM 3:52
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
APR 15 1999

## MEMORANDUM OPINION

The court has for consideration the motion for a new trial and accompanying brief filed on April 9, 1999, by defendant, Renfro Corporation. Defendant's most telling criticism of this court's earlier reasoning is found on page 4 of defendant's filing, namely the point that "supervisor Jerral Ingle became aware of plaintiff's plan following her departure but was able to intercept Ms. Barkley before she actually clocked plaintiff out." In other words, plaintiff, Florence Foster, like Eloise Veal and Betty Barkley, may have _intended_ to participate in the falsification of an employee time record, but she did not succeed in effectuating any such intent. There was no _actual falsification_. Defendant did not construe literally its rule against falsification of records. Instead, it stretched the meaning of the rule to punish plaintiff's one unsuccessful attempt to have a fellow employee check her out five minutes after she left the premises. Had the court recalled

this evidence when the opinion denying defendant's Rule 50(a) motion was written as precisely as defendant recalls it, the court would have acknowledged it as evidence much more helpful to plaintiff than to defendant.

Defendant also denies that there was sufficient evidence to establish a jury question of causation between plaintiff's pending Title VII suit and her discharge. The court remains satisfied that more than one of the persons who were among the cast of characters in the earlier Title VII case participated to some degree in the investigation and/or decision-making process leading to plaintiff's termination. More importantly, it was common knowledge in the Renfro plant that plaintiff was appealing her earlier unfavorable Title VII result. The court has no right to make credibility determinations, but the jurors who listened to and observed defendant's employee witnesses, did have that right. They may not have believed the witnesses' disclaimers of retaliatory motivation. The totality of the circumstances raised the specter of pretext sufficiently to justify the jury's answers to special interrogatories, findings by this particular jury that some other jury might not have made on the same evidence, and findings that the undersigned might not have made on the same evidence before the year 1991, the year in which Congress suddenly amended Title VII and agreed with this court that trial by jury is appropriate in Title VII cases.

Defendant's other arguments require no response from the court.

A separate order denying defendant's Rule 59 motion will be entered.

DONE this 15th day of April, 1999.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE